IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:13-CV-00015-BO

| | |
|---|---|
| APRIL MICHELE CLEMONTS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the defendant's motion to dismiss [DE 10]. For the reasons stated herein, the defendant's motion is DENIED.

## BACKGROUND

On November 19, 2012, the Appeals council denied the plaintiff's request for a review of the Administrative Law Judge's (ALJ) denial of her claim for benefits. This denial rendered the ALJ's opinion the final decision of the Commissioner. The plaintiff filed a motion for leave to proceed *in forma pauperis* on January 24, 2013. A copy of the plaintiff's complaint was attached to her IFP motion. The plaintiff filed her complaint separately on January 29, 2013. The defendant now seeks dismissal of the plaintiff's complaint as untimely.

## DISCUSSION

Regarding the time within which a plaintiff may seek judicial review of the ALJ's decision, 42 U.S.C. § 205(g) states:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

1

Regarding the calculation of this sixty day period, Federal Rule of Civil Procedure 6 states, in pertinent part:

> (a) COMPUTING TIME. The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.
> (1) *Period Stated in Days or a Longer Unit.* When the period is stated in days or a longer united of time:
> (A) Exclude the day of the event that triggers the period;
> (B) Count every day, including intermediate Saturdays, Sundays, and legal holidays; and
> (C) Include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Further, the sixty-day period does not begin until the claimant actually receives the notice. The date of receipt is presumed to be five days after the notice date, unless there is a reasonable showing to the contrary made to the Appeals Council. 20 C.F.R. §§ 404.901 and 422.210(c).

Here, the notice was dated November 19, 2012. Therefore, the presumed receipt date of such notice, taking into account the rule that such periods may not end on Saturday or Sunday, was Monday, November 26, 2012. As such, the sixty-day period commenced on the 26th and, as December has 31 days, concluded on Friday, January 25, 2013. However, that period was tolled on January 24, 2013 when the claimant filed a motion to proceed *in forma pauperis*, with a complaint included as an attachment. The sixty-day period is a statute of limitations that is not jurisdictional and is subject to equitable tolling in limited circumstances. *See Bowen v. City of New York*, 476 U.S. 467, 478-80 (1986). Because the filing period was tolled while the court considered the claimant's IFP motion, the filing of the complaint on January 29, 2013 was timely. *See e.g. Bishop v. Apfel*, 91 F.Supp.2d 893, 894 (W.D.Va. 2000). As such, the defendant's motion to dismiss is properly denied.

## CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss is DENIED.

SO ORDERED.

This the 27 day of May, 2013.

                                           *Terrence W. Boyle*
                                           TERRENCE W. BOYLE
                                           UNITED STATES DISTRICT JUDGE