IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:13-CV-15-BO

APRIL MICHELE CLEMONTS,                    )
                                           )
        Plaintiff,                         )
                                           )
v.                                         )          **O R D E R**
                                           )
CAROLYN W. COLVIN,                         )
Acting Commissioner of Social Security,    )
                                           )
        Defendant.                         )

This matter is before the Court on the plaintiff's motion to overturn this Court's order of

dismissal. [DE 30]. The Court construes this motion as a motion to alter or amend judgment

pursuant to Rule 60 of the Federal Rules of Civil Procedure. The Commissioner has responded,

and the matter is ripe for ruling. For the reasons discussed below, the plaintiff's motion is

GRANTED.

## BACKGROUND

Plaintiff filed her complaint with a motion for leave to proceed *in forma pauperis* on

January 24, 2013. [DE 1]. That motion was granted on January 29, 2013. [DE 3]. After the

Commissioner answered the complaint, notice to parties regarding the briefing schedule was sent

out on June 10, 2013. [DE 23]. On June 21, 2013 and again on July 2, 2013, mail sent to the

petitioner was returned as undeliverable. [DE 24, 26]. The deadline for plaintiff to file her

motion for judgment on the pleadings passed on August 9, 2013. After several unsuccessful

attempts by the Court to reach plaintiff by phone the case was dismissed with prejudice for

failure to prosecute on October 11, 2013. [DE 28]. Plaintiff now requests that the Court vacate the dismissal and allow her case to proceed.

## DISCUSSION

Rule 60(b) of the Federal Rules of Civil Procedure provides the grounds for relief from a final judgment, order, or proceeding for mistake, inadvertence, surprise, or excusable neglect.[1] Defendant argues that plaintiff made a reasoned choice in deciding to proceed *pro se* and she cannot be given relief because she suffered adverse consequences from that decision. However, the Court does not view this as a case where plaintiff suffered detriment merely because she was *pro se*. Although it is true that plaintiff has a duty to maintain contact with the Court and to update her contact information as it changes, [DE 28], it is clear that here, plaintiff believed she had submitted a change of address form with the United States Postal Service and had relied on them, as any reasonable person would, to forward all of her mail including mailings from the Court. It is further evident that eventually the address change went through and operated as expected as plaintiff immediately contacted the Court after receiving the Court's order [DE 28] which was sent to the only address on record for plaintiff. That address was the same one which had resulted in court mailings being returned to the Court as undeliverable. She also updated her address with the Court as part of her motion for reconsideration. [DE 30].

Plaintiff was certainly impacted by her *pro se* status here, but not in the way defendant alleges. If she was represented the Court's mailings would have been sent to her attorney's office, not her home, and her move would not have affected the timeline. Further, plaintiff never received the notice to parties regarding the briefing schedule. Therefore, while it may have been neglect to fail to inform the Court of her new address immediately, it was excusable because,

---

[1] There are five other Rule 60(b) factors, but none are pertinent here.

being unfamiliar with the court system, plaintiff filed a change of address with the Post Office and assumed that she would receive important documents from the Court.

Further, the only prejudice defendant can point to is the prejudice of having a case hanging in limbo with no end in sight. Defendant argues that reversing the dismissal places the defendant back in the position it was in when the Court originally dismissed the case. This is not so.

Therefore, the Court VACATES its dismissal order [DE 28], GRANTS plaintiff's motion for reconsideration [DE 30], and REOPENS this case. This action will proceed by motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff must file a motion for a judgment reversing or modifying the decision of the Commissioner, or remanding the case for a new hearing. If defendant opposes plaintiff's motion, counsel for defendant must file a motion for a judgment affirming the Commissioner's decision. Plaintiff's motion must be filed within sixty (60) days from the date of this order, accompanied by a supporting memorandum in compliance with Local Civil Rule 7.2, EDNC. The memorandum must identify specific portions of the record that justify the relief sought. Defendant's motion must be filed within sixty (60) days after the filing of plaintiff's motion and memorandum. Defendant's memorandum must be filed in compliance with Local Civil Rule 7.2, EDNC, and identify specific protions of the record that justify the relief sought. Failure to comply with these instructions may result in dismissal or other appropriate action.

SO ORDERED. This the __11__ day of March 2014.


TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3