IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:13-CV-15-BO

| | |
|---|---|
| APRIL MICHELE CLEMONTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| CAROLYN COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 34 & 35]. For the reasons discussed below, defendant's motion is GRANTED, plaintiff's motion is DENIED and the decision of the Commissioner is AFFIRMED.

## BACKGROUND

On June 3, 2008, plaintiff, April Clemonts filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff alleged a disability onset date of April 2, 2008 due to anxiety, depression, post-traumatic stress disorder, panic attacks and anxiety attacks. The claims were denied initially and on reconsideration and a request for hearing was timely filed. Administrative Law Judge ("ALJ") Richard E. Perlowski presided at a hearing on July 19, 2010. On August 6, 2010, the ALJ issued an unfavorable decision. The Appeals Council reviewed the decision, vacated it and remanded to the ALJ. The Appeals Council instructed the ALJ, on remand, to give further consideration to the third party statements and obtain supplemental evidence from a vocational expert ("VE") to clarify the effect of plaintiff's assessed limitations on her occupational base. A second hearing was held on June 13, 2011 and

on August 19, 2011, the ALJ issued another unfavorable decision. The Appeals Council denied a request for review of that decision rendering the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently filed a pro se complaint in this Court pursuant to 42 U.S.C. § 405(g).

Defendant filed a motion to dismiss plaintiff's complaint as untimely which this Court dismissed. [DE 12]. However, on June 26, 2013, the Court issued a notice to plaintiff of failure to make service within 120 days. The Court then dismissed plaintiff's action for failure to prosecute on October 11, 2013. [DE 28]. Plaintiff then petitioned the Court to reconsider its motion and reverse the dismissal. [DE 30]. The Court granted that motion on March 12, 2014 and reopened the case. [DE 32]. Plaintiff then filed her motion for judgment on the pleadings which requests a remand to the Commissioner for an additional hearing before an ALJ. Defendant moved for judgment on the pleadings asking for the decision of the Commissioner to be affirmed.

At the time of plaintiff's alleged onset date she was 26 years of age. Plaintiff has earned her GED and stopped working on March 2, 2007, because she started to have panic attacks, could not function correctly because of them, and had no babysitter to watch her children while she worked. [Tr. 305; 311]. Plaintiff's prior work includes restaurant cashier, meat plant deboner, bingo parlor floor runner, hotel housekeeper, sandwich artist, and retail store stocker. [Tr. 306]. Plaintiff has been diagnosed with post-traumatic stress disorder, major depressive disorder, and an anxiety related disorder. [Tr. 465; 502]. Plaintiff appears to take Lexapro, Xanax, Seroquel, and Zoloft to treat her conditions. [Tr. 31; 611].

2

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984)(quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first

four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Here, plaintiff argues that the ALJ erred in two ways. First she argues that the ALJ made his determination based solely on her age and job qualifications. Second plaintiff argues that the ALJ did not properly consider the opinion of Dr. Hines who found that she had several limiting mental restrictions that would prevent her from performing any work activity. In both instances, substantial evidence in the record supports the findings of the ALJ and the decision of the Commissioner is therefore affirmed.

Plaintiff argues that Dr. Hines found that she had severe limiting mental restrictions that would prevent her from performing any work activity and that, if his diagnosis was questioned by the Agency, she should have had the opportunity to receive a second opinion by a doctor of its choice. However, this argument misses the point. The ALJ did not question the diagnosis of Dr. Hines and treated the opinion as a treating source statement. However, the ALJ granted this opinion little weight as he found that it was not supported by the record evidence. Controlling weight may not be given to a treating source's medical opinion unless the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques. SSR 96-2p.

Here, the ALJ considered all of the evidence from plaintiff's treatment records beginning with the court ordered evaluation on June 3, 2008 through the treatment note dated May 9, 2011. [Tr. 15–16]. The ALJ noted, and the record supports, that plaintiff's symptoms have significantly improved with treatment, and as such, do not support Dr. Hines's opinion that plaintiff is unable to work. Further, the ALJ considered her statement that she had been fired by previous employers due to her symptoms, but noted that none of the medications she is currently using to treat her condition preclude her from work. As such the ALJ's assignment of weight to Dr.

4

Hines's opinion is supported by substantial evidence and the Court finds no error in the ALJ's dealing with this opinion.

Plaintiff also argues that the ALJ's decision was based solely on her age and job qualifications that she obtained in the past. This is clearly not true. The ALJ provided a detailed decision in which he considered all of the medical evidence, plaintiff's testimony, and the third party function reports submitted on her behalf. After considering all of this evidence, the ALJ determined her RFC and took into consideration all of this evidence in formulating the limitations included in the RFC finding. [Tr. 16]. The fact that the ALJ clearly considered all of this evidence and then discussed it in making his determination shows that he based his finding upon the treatment record showing that plaintiff's mental impairments improved significantly with treatment. There is no support in the record for her assertion that the decision was made solely on her age and job qualifications that she obtained in the past.

The ALJ's finding is supported by substantial evidence in the record. Accordingly, this Court affirms the decision of the Commissioner.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is DENIED, the defendant's motion is GRANTED, and the final decision of the Commissioner is AFFIRMED.

SO ORDERED.

This __15__ day of July 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE